# STATE OF VERMONT

## ENVIRONMENTAL COURT

| | |
|---|---|
| In re: Appeals of Patrick Simoneau and William Penrod } } } } } } | Docket Nos. 210-9-00 Vtec and 146-9-01 Vtec |

## Decision and Order on Motion to Reconsider (Amend and Alter)

Appellants Patrick Simoneau and William Penrod are represented by Liam L. Murphy, Esq. and Lisa B. Shelkrot, Esq.; Appellee-Applicant Winooski Valley Park District is represented by Scot L. Kline, Esq.; the Town of Colchester is represented by Richard C. Whittlesey, Esq. The Court issued its decision and order granting the permit with conditions on May 21, 2002. On June 5, 2002, Appellee-Applicant filed a ' Motion for Reconsideration' under V.R.C.P. 59(e). On June 27, 2002, the Town filed a memorandum in support of Appellee-Applicant' s motion. On July 3, 2002, Appellants filed a memorandum in opposition to the motion. On July 16, 2002, Appellee-Applicant filed a reply to Appellants' opposition, arguing that it was filed out of time and also addressing the substantive issues.

## Timeliness

Appellants' memorandum in opposition should have been filed by June 24, 2002. V.R.C.P. 78(b)(1). (The Town's memorandum was also untimely if judged by this standard, but the rules are silent as to a supporting memorandum from another party.) Appellee-Applicant requests that it be disregarded by the Court; that request is GRANTED.

## Motion for Reconsideration or to Alter or Amend

The level of maximum allowable daily usage was based on the maximum usage estimated by the Applicant, and is supported by the evidence of several witnesses. The level of maximum hourly usage relates to the effects on the character of the area and the neigbors' property, more than the wear-and-tear on the trail, but is also supported by the evidence. Recognizing that the estimates presented in evidence by the Applicant were based upon certain assumptions by the Applicant' s witnesses, the Court established as a condition of the approval that those estimates be verified when the trail segment is in operation. The use of mobile phones or a ' walkie-talkie' type of radio set between the monitors at the two ends of the trail segment should not be an insurmountable expense, even for a volunteer organization. The monitoring of usage to determine if it exceeds the estimates on which the decision was based is a reasonable way to balance the needs of the Applicant with those of the neighboring landowners. Further, the provision allowing the parties to seek amendments at the municipal level is merely a statement of

existing law, and is not an extra bite at the apple for any party. Rather, it sought to postpone any such application to after the verification data would have been gathered.

Accordingly, the Motion for Reconsideration or to Alter or Amend is DENIED. The Court remains willing to consider other alternative proposals for measuring the actual usage of the new trail segment over a representative period, including the use of volunteers, interns, or work-study students, for example, from the UVM School of Natural Resources' Recreation Management or Forest Management programs, or from local colleges, high schools or scout programs. However, the alternatives proposed by the District will not accomplish the result intended by the Court's order.

Done at Barre, Vermont, this 7th day of August, 2002.


_____

Merideth Wright
Environmental Judge